O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA HAWKINS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMULARLY SITUATED, | ) ) ) ) | Case No. CV 14-08461 DDP (JCx) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | ) ) | |
| UGI CORPORATION; AMERIGAS PROPANE, INC.; AMERIGAS PROPANE, L.P.; AMERIGAS PARTNERS, L.P., doing business as AMERIGAS CYLINDER EXCHANGE; FERRELLGAS COMPANY, INC.; FERRELLGAS, L.P., doing business as BLUE RHINO LLC; FERRELLGAS, INC..; FERRELLGAS PARTNERS FINANCE CORP.; FERRELLGAS FINANCE CORP., | ) ) ) ) ) ) ) ) ) ) ) ) ) | [Dkt. 41, 42] |
| Defendants. | ) ) | |

Presently before the court are two separate, but similar motions to dismiss filed by Defendants UGI Corporation, Amerigas Propane, Inc., Amerigas Propane, L.P., Americas Partners, L.P. (collectively, "Amerigas") and Ferrellgas, L.P., Ferrellgas, Inc., Ferrellgas Partners Finance Corp., and Ferrellgas Finance Corp.

(collectively, "Ferrelgas"). Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

Amerigas and Ferrelgas (collectively, "Defendants") sell pre-filled propane cylinders to the public at locations such as hardware stores, supermarkets and gas stations. (Consolidated Amended Complaint ("CAC") ¶ 11.) Defendants operate cages that allow consumers to drop off "empty" propane cylinders and pick up pre-filled cylinders. (Id. ¶ 12.) Alternatively, consumers may refill rather than exchange their cylinders at certain designated refill stations. (Id. ¶ 27.)

Plaintiffs allege, on behalf of a putative class, that Defendants fill their propane cylinders with fifteen pounds of propane, even though standard propane cylinders can hold over seventeen pounds. (CAC ¶ 18.) Plaintiffs further allege that Defendants' pre-filled propane cylinders bear labels identifying the "net weight" of the cylinders as fifteen pounds. (Id. ¶ 27.) Plaintiffs also allege that Defendants' cages and other marketing materials instruct consumers to drop "empty" tanks near the cages before obtaining a pre-filled tank from inside the cage. (Id. ¶¶ 27, 33-34.)

Plaintiffs further allege that Defendants' propane cylinders are not capable of being truly emptied, and that at the time propane-fueled appliances cease to ignite, the cylinders remain, on average, ten percent full. (CAC ¶ 30.) Defendants allegedly know that the cylinders cannot be emptied, but do not inform consumers of that fact, and benefit by continually reselling the unused ten

2

percent that remains when consumers drop off "empty" tanks. (<u>Id.</u>) The CAC alleges twelve causes of action, including fraud claims, common law claims, and statutory claims under California law. All claims are premised on the essential allegations that Defendants' "net weight" labels and "empty cylinder" instructions mislead consumers into believing that Defendants' pre-filled cylinders contain fifteen pounds of <u>usable</u> propane and are actually empty when consumers return them. Defendants now move to dismiss the CAC.

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 678 (citations and internal quotation marks omitted).

3

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

Defendants raise a threshold challenge to the plausibility of Plaintiffs' claims.  (E.g., Ferrelgas Motion at 5.)  Defendants do not, however, challenge the laws of physics, and concede the "obvious truth – some propane can linger in tanks that no longer sustain flame."[1]  (Id. at 4.)  Ferrelgas acknowledges that "there is no way for [it] to design cylinders that dispel every ounce of propane contained within them."  (Ferrelgas Mot. at 7.)  The CAC does not allege that Defendants expressly represented to consumers that all of the propane contained in Defendants' cylinders was usable or accessible.  Nevertheless, Plaintiffs argue that the allegations of the CAC, considered "in context," make clear that Defendants mislead consumers "as to the quantity of propane they were purchasing."  (Dkt. 45 at 4.)

Plaintiffs' argument is difficult to square with the allegations of the CAC.  The CAC alleges that Defendants' propane

---

[1] Indeed, the CAC acknowledges that the amount of propane remaning in a cylinder "varies depending on factors such as ambient temperature, altitude and air pressure."  (CAC n. 2.)

4

cylinders bear labels stating that they contain a net weight of fifteen pounds of propane.  The CAC does not allege that the labels are not accurate or truthful.  It is therefore unclear to the court how consumers could plausibly have been mislead as to the amount of propane they purchased.  Plaintiffs' emphasis on the "usable" amount of propane does not save their claims from implausibility.  It is well-known to consumers that it may be difficult or impossible to extract every bit of a product from its packaging, as any purchaser of toothpaste, peanut butter, shampoo, and a host of other products is aware.  See <u>Ebner v. Fresh Inc.</u>, No. SACV 13-477 JVS, 2013 WL 9760035 (C.D. Cal. Sept. 11, 2013) (dismissing claims relating to accurately labeled, difficult to extract lip balm, with prejudice).

　　　　Nor do references to the word "empty" on Defendants' cages give rise to a plausible claim that Defendants mislead consumers to believe that all fifteen pounds of propane purchased could be extracted from Defendants' cylinders.  First, the CAC does not allege that Defendants made any express representations to that effect.  Second, the word "empty" appeared only in the context of instructing consumers how to complete a tank exchange.  Specifically, consumers were instructed to leave "empty" tanks near the cages, then to seek the assistance of a retail employee, who would return to the cage with the consumer, unlock the cage, and provide the consumer with a tank full of fifteen pounds of propane.  It is implausible that a consumer would interpret instructions regarding what to do with the propane tank in his possession as a representation that he would be able to utilize every last ounce of

the full tank he intended to purchase.[2]  Nor, given general consumer knowledge, the natural properties of gaseous propane, and the vagaries of atmospheric conditions, would any such interpretation be reasonable.

    Because Plaintiffs have not plausibly alleged that Defendants' representations were inaccurate or misleading, the CAC must be dismissed.  Any amended complaint shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: January 21, 2016

                              DEAN D. PREGERSON
                              United States District Judge

---

[2] Indeed, some consumers are likely willing to turn in even a tank containing usable amounts of propane in exchange for the certainty of a full tank.